**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Taniela Fakalolo Kivalu, | No. CV-25-04221-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Carrington Mortgage Servicer LLC, et al., | |
| Defendants. | |

Pending before the Court are Defendants Carrington Mortgage Services LLC's ("Carrington") and UWM LLC's ("UWM") motions to dismiss Plaintiff Taniela Kivalu's complaint on grounds that Defendants were improperly served, Kivalu's claims are barred by claim preclusion, and Kivalu's claims fail under Rule 8 and 12(b)(6). (Docs. 8, 27.) The Motions are fully briefed. The Court held oral argument, but Plaintiff failed to appear.[1] Because Kivalu's claims against Carrington and UWM are barred by claim preclusion, their motions will be granted and the claims against them dismissed with prejudice. Additionally, because Kivalu's claims against the remaining defendants are also precluded, this action will be dismissed with prejudice.

I.    **BACKGROUND**

Kivalu has brought approximately eight lawsuits since 2016 in federal court pertaining to his mortgage. (*See* Order at 1 & n.1, Doc. 11, *Kivalu v. USAA*, No. CV-25-01897-PHX-KML [hereinafter, "*Kivalu VIII*"] (July 8, 2025).) As another judge in this

---

[1]    Plaintiff's prior dilatory conduct in this case prompted this Court to admonish him that he must diligently pursue his case or risk sanction. (Docs. 29, 40.)

1   District put it, "five were dismissed upon screening . . . and two were dismissed on motions

2   to dismiss"; Kivalu has been "unable to state any plausible claim for relief across eight

3   different suits." (*Id.*) Most relevant to the Court's ruling in this case are Kivalu's two most

4   recent lawsuits.

5          In September 2024, Kivalu brought suit against Axen Mortgage ("Axen"), UWM,

6   and "others." (Compl. at 1, Doc. 1, *Kivalu v. Axen Mortg.*, No. CV-24-02441-PHX-KML

7   [hereinafter, "*Kivalu VII*"] (Sep. 16, 2024).) The operative complaint in that case alleged

8   that Axen and UWM breached his mortgage contract by increasing his monthly payment

9   due to increased costs for insurance, taxes, and homeowner association dues. (Order at 2,

10  Doc. 8, *Kivalu VII* (Oct. 31, 2024).) It also alleged that the defendants "sent the account to

11  the Credit Bureaus as default." (Second Am. Compl. at 5, Doc. 7, *Kivalu VII* (Oct. 16,

12  2024).) After reviewing the relevant contract documents, the court determined that the

13  contract documents contemplated and permitted that amounts due for insurance, taxes, and

14  assessments could change, so Kivalu failed to state a claim for breach of contract. (Order

15  at 2-3, Doc. 8, *Kivalu VII* (Oct. 31, 2024).) The court thus dismissed Kivalu's complaint

16  with prejudice. (*Id.* at 4.) Kivalu filed a notice of appeal in that case, and his appeal remains

17  pending. (*See* Notice of Appeal, Doc. 10, *Kivalu VII* (Dec. 6, 2024).)

18         In his most recent federal suit (June 2025), Kivalu sued UWM, Carrington, Nexa

19  Mortgage ("Nexa"), OneMain Finance, USAA, and Randon L. Harvey, alleging that (1)

20  Kivalu executed a mortgage with Axen, which was serviced by UWM; (2) UWM forged

21  his signatures on a new mortgage; and (3) Carrington became the new servicer of his

22  mortgage and was attempting to collect payments from him despite the lack of a contract.

23  (Order at 2, Doc. 11, *Kivalu VIII* (July 8, 2025); Am. Compl. at 4-5, Doc. 9, *Kivalu VIII*

24  (June 20, 2025).) He also claimed that UWM improperly increased his mortgage insurance.

25  (Order at 3, Doc. 11, *Kivalu VIII* (July 8, 2025).)

26         The claims against UWM were ultimately dismissed with prejudice because they

27  were barred by claim preclusion. (*Id.*) Specifically, the Court determined that in *Kivalu*

28  *VII*, he "alleged UWM had breached the parties' contract by making a change to his

monthly payment amount," Kivalu "appear[ed] to be trying to pursue the same (or similar) claims against UWM," and he could not relitigate claims that he brought or could have brought in that lawsuit. (*Id.* at 3-4.) As for his claims against Carrington, the Court dismissed them for failure to state a claim because Kivalu "allege[d] only that [Carrington was] becoming the servicer of his mortgage as of July 2025," there were "no allegations that a change in servicer [was] prohibited by contract, and it [was] implausible that such a contract exist[ed]." (*Id.* at 5.) Kivalu's claims against Nexa were dismissed for failure to state a claim. (*Id.*) Kivalu was not granted leave to amend because he "could not allege additional facts to state a plausible claim." (*Id.*) Based on a review of the docket in that case, Kivalu has not appealed this decision.

Kivalu brought the instant suit in state court in October 2025 against Carrington, UWM, Axen, and Nexa. (Doc. 1-1 at 19; *see also* Doc. 1 at 2.) He claimed that Carrington was "unlawful[ly] attempt[ing] to collect payments based on a fraudulent modification of [his] original . . . mortgage loan contract." (Doc. 1-1 at 11.) He again claimed that UWM forged his signature into a new mortgage contract and, starting in August 2023, increased his monthly payments based on increased mortgage insurance costs. (*Id.* at 11-12.)

Kivalu's claims against Axen and Nexa are unclear, but appear to concern Axen's alleged "report[] to the Credit Bureaus that [Kivalu] forfeited his VA Loan Contract Obligation utilizing a new designed VA Mortgage Contract designed by" Nexa. (*Id.* at 12.) Thus, Kivalu seems to allege that Nexa "designed" the new contract containing Kivalu's supposed forged signatures, and Axen used the new, "forged" contract to report that Kivalu had defaulted on his mortgage.

UWM removed the case to this Court in November 2025. (Doc. 1.)

Since then, Kivalu has filed numerous motions, including a motion for a temporary restraining order ("TRO") and preliminary injunction to halt a foreclosure sale. (*See* Doc. 14.) The Court held a status conference on this motion but ultimately deferred holding an evidentiary hearing and ruling on the motion pending resolution of UWM's and Carrington's motions to dismiss. (*See* Docs. 21, 29.)

1    Kivalu has also filed two motions to amend his complaint, seeking to correct alleged

2    "errors" in the complaint but not providing any information about what those alleged

3    "errors" are or what his amendments would contain. (Docs. 31, 42.)

4    **II.    DISCUSSION**

5        **A.    UWM and Carrington**

6        Although UWM and Carrington raised arguments in support of dismissal other than

7    claim preclusion, the Court only addresses the claim preclusion arguments because those

8    arguments are dispositive. (Doc. 8 at 6-9; Doc. 27 at 5-7.) *See also Fagorala v. Waypoint*

9    *Homes Inc.*, No. C 13-00038 SI, 2013 WL 1285528, at *3 (N.D. Cal. Mar. 27, 2013)

10   (dismissing claims without leave to amend for failure to state a claim and therefore not

11   "need[ing to] . . . address defendants' arguments regarding improper service").[2]

12       "A final federal court judgment on the merits bars a subsequent action between the

13   same parties which involves the same cause of action." *First Pac. Bancorp., Inc. v. Helfer*,

14   224 F.3d 1117, 1128 (9th Cir. 2000).[3] If claim preclusion applies, it not only bars the same

15   claim brought again, but also "bars grounds for recovery which *could* have been asserted

16   in a prior suit between the same parties on the same cause of action." *Id.* at 1129 (emphasis

17   added). It is thus irrelevant whether the new claims "were actually pursued in the action

18   that led to the judgment; rather, the relevant inquiry is whether they could have been

19

20   _____

[2]        On January 5, 2026, Kivalu filed a "Notice of Appeal & Remand Motion" (Doc.
48), which appears to be informing the Court about his pending appeal in a different case
(*id.* at 1). The Ninth Circuit has interpreted this as a Notice of Interlocutory Appeal. (*See*
Doc. 50.) To the extent Kivalu's notice is intended to serve as a notice of appeal of one of
the Court's interlocutory orders, this does not divest the Court of jurisdiction over the
remaining proceedings in this case. *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293
(9th Cir. 1982) ("[A]n appeal from an interlocutory order does not stay the proceedings, as
it is firmly established that an appeal from an interlocutory order does not divest the trial
court of jurisdiction to continue with other phases of the case."); *see also Shields v. Frontier
Tech., LLC*, No. CV 11-1159-PHX-SRB, 2012 WL 12538951, at *7 (D. Ariz. June 12,
2012) (ruling on pending motion to dismiss despite pending interlocutory appeal). It is
unclear which interlocutory order Kivalu would appeal, but none of them address UWM's
and Carrington's arguments concerning claim preclusion. *See City of Los Angeles v. Santa
Monica Baykeeper*, 254 F.3d 882, 886 ("[T]he filing of a notice of interlocutory appeal
divests the district court of jurisdiction over the *particular issues* involved in that appeal."
(emphasis added)).
[3]        Federal law applies in determining the "preclusive effect of a federal court
judgment." *First Pac.*, 224 F.3d at 1128 (applying federal law to state law claims brought
in state court but removed to federal court).

brought." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) (citation omitted).

"The elements necessary to establish [claim preclusion] are: (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005). All elements are met for Kivalu's claims against UWM and Carrington.

### 1.    Identity of Claims

Identity of claims is present "when two suits arise from the same transactional nucleus of facts." *Tahoe-Sierra Pres. Council*, 322 F.3d at 1078 (citation omitted). Between *Kivalu VII* and *Kivalu VIII*, Kivalu has already claimed that UWM improperly raised his monthly payments, forged his signatures on a new contract, and improperly reported his default to credit bureaus. (Order at 2, Doc. 8, *Kivalu VII* (Oct. 31, 2024); Second Am. Compl. at 5, Doc. 7, *Kivalu VII* (Oct. 16, 2024); Order at 2-3, Doc. 11, *Kivalu VIII* (July 8, 2025).) Kivalu makes the same allegations against UWM in this case. (Doc. 1-1 at 11 (alleging UWM "modified Axen Mortgage Contract with Plaintiff and forged Plaintiff's signatures (22) times into the new VA Mortgage Contract"); *id.* at 11-12 (alleging UWM "utilized the Plaintiff's Escrow account to pay casualty insurances not subscribed to by the Plaintiff and included additional expenses . . . not covered under the Plaintiff's VA Loan Contract," increasing his monthly payment); *id.* at 12 (alleging UWM "reported to the Credit Bureaus that Plaintiff forfeited his VA Loan Contract").) These allegations are largely identical and arise out of the same nucleus of facts: UWM raised his monthly payment without authorization, forged his signature to create a new mortgage contract, and then reported to the credit bureaus that Kivalu defaulted on his loan. There is thus identity of claims against UWM.

Similarly, in *Kivalu VIII*, Kivalu alleged that Carrington was attempting to collect late payments from him despite that there was not a contract between them allowing it (as any contract beyond the original was forged or not "endorsed by plaintiff"). (Am. Compl. at 4-7, Doc. 9, *Kivalu VIII* (June 20, 2025).) Kivalu again alleges that Carrington is

"send[ing] monthly arrear billing statements, enforcing a contract that was altered without Plaintiff's authorization" and thus harassing him. (Doc. 1-1 at 11-12.) These allegations arise out of the same nucleus of fact: Carrington has taken over as the servicer of Kivalu's loan based on an alleged fraudulent contract and is attempting to collect late payments from him based on that contract. There is thus identity of claims against Carrington.

Kivalu's arguments on this point are inconsistent. In his response to UWM's motion, he argues in conclusory fashion that his "current claims are distinct from prior suits, as they involve different contracts and allegations of forgery." (Doc. 34 at 4.) He does not elaborate further in his other "response" briefs. (*See* Docs. 44, 49.) But in his Notice of Appeal & Remand Motion, he stated that the "Evidentiary and Preliminary Injunction Motions are tied to the appealed case" already pending with the Ninth Circuit. (Doc. 48 at 1.) He thus requested a stay of these proceedings "pending the 9th Circuit's Court decisions,"[4] which the Court construes as an admission that the issues in his previous cases overlap with and are determinative of the issues in this case. (*Id.* at 2.) Further, the fact remains that the allegations made against UWM and Carrington were already raised in his previous suits, including the allegations of forgery. And, even if the Court accepted Kivalu's representation that his current claims are different than the claims in his previous suits, because the claims arise out of the same nucleus of fact, claim preclusion nevertheless bars them because they could have been brought in his previous suits. *Tahoe-Sierra Pres. Council*, 322 F.3d at 1078 ("Res judicata bars relitigation of all grounds of recovery that were asserted, *or could have been asserted*, in a previous action between the parties, where the previous action was resolved on the merits." (emphasis added)).

### 2.    Final Judgment on the Merits

"The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).

---

[4]    Kivalu's cursory request to stay proceedings pending resolution of his pending Ninth Circuit appeal in *Kivalu VII* is denied. Kivalu has not attempted to meet the requirements to stay proceedings under, *e.g.*, *Nken v. Holder*, 556 U.S. 418, 425-26 (2009). *See also id.* at 427 (noting that a stay of proceedings is not granted as "a matter of right, even if irreparable injury might otherwise result" (citation omitted)).

*Kivalu VII* and *Kivalu VIII* were both dismissed with prejudice and therefore resolved on the merits. (Order at 6, Doc. 11, *Kivalu VIII* (July 8, 2025); Order at 4, Doc. 8, *Kivalu VII* (Oct. 31, 2024).) This element is thus met.

### 3. Privity

Where "parties in both actions are identical," the parties are "quite obviously in privity." *Tahoe-Sierra Pres. Council*, 322 F.3d at 1081. The parties here are the same: Kivalu was the plaintiff in *Kivalu VII* and *Kivalu VIII*, and he is the plaintiff now here. UWM was a defendant in *Kivalu VII* and *Kivalu VIII* and Carrington was a defendant in *Kivalu VIII*; both are defendants in this action.

Because all three elements of claim preclusion are met, Kivalu's claims against UWM and Carrington are barred and must be dismissed with prejudice.

### B. Remaining Defendants

The remaining defendants—Axen and Nexa—have not appeared in this lawsuit and there is nothing in the docket to indicate they have been served. The Court may nevertheless consider whether Kivalu's claims against these defendants are likewise barred by claim preclusion. *See Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1054 (9th Cir. 2005) ("As a general matter, a court may, *sua sponte,* dismiss a case on preclusion grounds where the records of that court show that a previous action covering the same subject matter and parties had been dismissed." (citation modified)).

Claim preclusion also bars Kivalu's claims against Axen and Nexa. Kivalu sued Axen in *Kivalu VII* for breaching his mortgage contract by increasing his monthly payments and wrongfully reporting his default to the credit bureaus. (Order at 2, Doc. 8, *Kivalu VII* (Oct. 31, 2024); Second Am. Compl. at 5, Doc. 7, *Kivalu VII* (Oct. 16, 2024).) Kivalu's claims against Axen in this suit appear to also arise out of Axen's "report[] to the Credit Bureaus that Plaintiff forfeited his VA Loan Contract obligation." (Doc. 1-1 at 12.) These claims—however formulated or named—between Kivalu and Axen have already been litigated and brought to a final judgment on the merits, so they are barred. *Tahoe-Sierra Pres. Council*, 322 F.3d at 1078.

Kivalu's claims against Nexa in *Kivalu VIII* arose out of Nexa's status as the "drafter of the Mortgage Contract used by UWM." (Order at 5, Doc. 11, *Kivalu VIII* (July 8, 2025); *see also* Am. Compl. at 3, Doc. 9, *Kivalu VIII* (June 20, 2025) (alleging Nexa "is alleged the designer of the Fraud Mortgage Contract utilized by UWM, LLC" and that Nexa "may have been affiliated" with UWM or Axen).) Here, too, Kivalu's sole allegation against Nexa is that UWM and Axen "utiliz[ed] a new designed VA Mortgage Contract designed by [Nexa], an associated affiliation of Axen and UWM VA Mortgage companies." (Doc. 1-1 at 12.) The court in *Kivalu VIII* already determined that these allegations failed to state a claim against Nexa and were dismissed with prejudice. (Order at 5-6, Doc. 11, *Kivalu VIII* (July 8, 2025).) However Kivalu frames the claims in this litigation, they arise out of the same nucleus of fact as those in *Kivalu VIII* and cannot be relitigated. *Tahoe-Sierra Pres. Council*, 322 F.3d at 1078. Kivalu's claims against Nexa are thus dismissed.

### C. Leave to Amend

Leave to amend is futile and therefore properly denied when claims are barred by claim preclusion. *See Datt v. Wells Fargo Bank, N.A.*, No. 5:19-cv-01216-EJD, 2019 WL 5722384, at \*4 (N.D. Cal. Nov. 5, 2019); *Caron v. CVS Pharmacy Inc.*, No. EDCV 14-1313 SJO (AJRx), 2015 WL 13915805, at \*4 (C.D. Cal. Mar. 23, 2015).

The Court has nevertheless reviewed Kivalu's motions for leave to amend his complaint and denies them. In his first motion, Kivalu "moves to amend errors in the original complaint, as discussed in the arguments above" (Doc. 31 at 1), but those alleged arguments are not found anywhere in the motion, (*see generally* Doc. 31). Kivalu also did not comply with Local Civil Rule 15.1, which requires that litigants moving for leave to amend attach as an exhibit a copy of the proposed amended pleading showing in what respect it differs from the original complaint. LRCiv 15.1(a).

In his second motion, Kivalu moves to add two individuals as defendants: Brandon Harvy and Michael A. Bosch, Jr. (Doc. 42 at 2.) Brandon Harvy appears to have been named as a defendant, although spelled differently, in *Kivalu VIII*. (*See* Order at 2, Doc. 11, *Kivalu VIII* (July 8, 2025).) Kivalu does not explain what the nature of his claims against these

individuals would be, but rather, that they engaged in "transactions related to the mortgage." (Doc. 42 at 3.) Kivalu also did not attach a proposed amended complaint, as required by the Local Rules.

Because Kivalu did not comply with the Local Rules and also did not indicate in his motions the claims he seeks to amend and why, the Court cannot conclude that leave to amend is warranted, particularly in light of the Court's conclusion that all of his claims are barred by claim preclusion. His motions are thus denied.

### D.    Remaining Motions

Because all of Kivalu's claims in this action must be dismissed with prejudice, his remaining motions are denied as moot, including his motion for a TRO and preliminary injunction to prevent Carrington's foreclosure sale. (*See* Doc. 14.)

## III.    CONCLUSION

Accordingly,

**IT IS ORDERED** granting Defendant UWM LLC's motion to dismiss (Doc. 8). Kivalu's claims against UWM are dismissed with prejudice.

**IT IS FURTHER ORDERED** granting Defendant Carrington Mortgage Services LLC's motion to dismiss (Doc. 27). Kivalu's claims against Carrington are dismissed with prejudice.

**IT IS FURTHER ORDERED** dismissing Kivalu's claims against the remaining defendants with prejudice.

**IT IS FURTHER ORDERED** denying Kivalu's motions for leave to amend (Docs. 31, 42).

**IT IS FURTHER ORDERED** denying all other pending motions as moot. (Docs. 13, 14, 32, 45, 46.)

. . . .

. . . .

. . . .

. . . .

1    **IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment
2 accordingly and close this case.

3    Dated this 13th day of January, 2026.

4

5

6                                          Michael T. Liburdi
7                                    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28